W. L. Irish & Co. *v.* Asdell, Appellant.

Argued October 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George T. Steeley,* and with him *Carr & Krauss,* for appellant.

*Irwin F. Holt,* and with him *Ralph N. Kellam* and *J. Webster Jones,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This is an action of assumpsit. Plaintiff's statement alleges that the defendant ordered two carloads of coal from it in the early part of February, 1926, at a price of $6 per net ton, f. o. b. mines, to be shipped to the defendant's yard in Philadelphia; that the cars were shipped as directed, the contents being described as follows:
"1926

Feb. 6.—C. C. & O. #43606   91000 lbs.   45.5
                N. T. @ $6.00                       $307.30
Feb. 9.—C. C. & O. #42936   94500 lbs.   47.25
                N. T. @ $6.00                       $352.80"

On February 18th, defendant sent a letter to the plaintiff attempting to cancel said order for coal. On

February 19th, a notice was sent by plaintiff to the defendant that unless defendant took the cars, plaintiff would sell them on his account. Defendant refused to take the coal and plaintiff sold it and to recover the loss ensuing, this suit was brought.

The defendant in his affidavit of defense, admits giving the order, but avers that plaintiff agreed to ship the coal so the defendant would receive the same not later than the 27th or 28th of January, 1926, and plaintiff failing to do this, the defendant cancelled the order. He does not deny that the defendant sold the coal on his account, nor does he question the price obtained, but avers that that coal which plaintiff attempted to deliver was of an inferior quality and that it contained mostly dust and no lumps. If defendant wished to raise the question of quality, he did not take the proper way to do it. His complaint in this respect was not responsive to the corresponding section of plaintiff's statement and apparently was introduced parenthetically. It does not allege that the inferiority in quality would justify a rejection of the coal or merely reduce its value, or that it was unfit for use.

The court, who tried the case without a jury, correctly ruled that under the pleadings there was but one issue before it and that was whether there was an agreement that the coal was to be delivered in a certain time. Plaintiff testified that there was no such agreement and defendant said there was. Between the time of the ordering of the coal and its delivery, the anthracite coal strike came to an end unexpectedly and the price of bituminous coal in the Philadelphia market declined rapidly. The court adopted the plaintiff's version of the affair and found in his favor.

The defendant urges that it was error to admit paragraph 4 of the plaintiff's statement above quoted wherein are set out the dates of the shipment of the

coal and its value. The court admitted it because the defendant in his affidavit admitted the truth of the statement with the exception that the coal was not shipped in the time agreed upon. The whole paragraph was admissible.

The court at first confining the trial to the question of prompt delivery, afterwards admitted proof that the coal delivered was of an inferior quality, although strictly speaking, as above indicated, the affidavit of defense did not properly raise that question. The court allowed it to go in and having decided in the plaintiff's favor, the conclusion follows that it did not believe the testimony of the defendant in this regard.

The judgment is affirmed.